[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR EVALUATION MOTION FOR APPOINTMENT OF ATTORNEY FOR THE MINOR CHILD
This unusual case pits the maternal grandmother against her own daughter and grandchild.[1]
A complaint was brought pursuant to 46b-59 with the plaintiff's requesting the right-of-visitation with the minor child. An attempt was made between the adult participants to have the problem worked out with counselling professionals, but it failed. Subsequently motions were filed by both parties. The plaintiff filed motions for Evaluation and Appointment of Counsel for the minor child. The defendant filed motions to Deny Evaluation, Motion to Deny Appointment of an Attorney for the Minor Child and a Motion to Dismiss. To complicate matters further the daughter's new husband filed a Motion of Joinder which was granted by the court.
In our society we envision that our parents, as grandparents to our children will represent and actually be positive inputs. Visions of the Walton's, where the senior members of the family exhibit wisdom and understanding that is applied to the family unit immediately comes to mind.
During the hearing the court noted the uniqueness, and coldness, of denying a grandmother and an elderly aunt access to their maternal granddaughter. In response, the daughter argued that based upon the family history, which CT Page 821 includes alcohol abuse and domestic violence, that it was not in her daughter's best interest to have visitation with the plaintiffs. When queried by the court the mother of the child was rational, articulate and gave examples of conduct that could be harmful to the child.
In viewing Conn. Gen. Stat. 46b-59 the legislature in its wisdom set the legal standard to be in the best interest of the child. In applying this standard, sadly, the court finds that it is not in the best interest of the child to grant the plaintiff's motion. Thus far this child has been shielded from the adult turmoil not of its own making. To either appoint counsel or to send the family unit to further professional help will basically put the child into the vise of a legal and moral tug of war. At best more time is needed for this picture to become clearer. Perhaps the words of Chekhov should be pondered by all parties:
 "When children appear, we justify all our weaknesses, compromises, snobberies, by saying: "It's For the Children's Sake."
In denying the plaintiff's motion this court will set this matter down for review on or about July 7, 1993. The defendant's and joinder's Motion to Dismiss are denied.
Norko, J.